UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――

| | ) | |
|---|---|---|
| In re: | ) ) | |
| OI S.A., et al..[1] | ) ) | Case No. 16-11791 (SHL) |
| Debtors in Foreign Proceedings. | ) ) ) | Chapter 15 |

**Order Granting Provisional Relief**

Upon the *Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 1521(a)(7), and 362* (the "**Motion**")[2] [ECF 7] filed on behalf of Ojas N. Shah (the "**Petitioner**") as foreign representative of Oi S.A., Telemar Norte Leste S.A., Oi Brasil Holdings Coöperatief U.A., and Oi Móvel S.A. as debtors in a foreign proceeding (the "**Debtors**") in a Brazilian *recuperação judicial* proceeding (the "**Brazilian RJ Proceeding**") pending before the Seventh Business Court of Rio de Janeiro (the *7a Vara Empresarial do Rio de Janeiro* or "**Brazilian RJ Court**"); and the Court having considered (i) the Motion, (ii) the *Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* (the "**Verified Petition**") [ECF 3], (iii) the *Declaration of Ojas N. Shah in Support of the Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief*, along with the exhibits annexed thereto (the "**Petitioner Declaration**") [ECF 4], (iv) the *Corrected Declaration of José Alexandre Corrêa Meyer as Brazilian Counsel to the Debtors* along with accompanying exhibits (the "**Brazilian Counsel Declaration**") [ECF 16], and (v) the statements of counsel of the Petitioner at a hearing before this Court on June 22,

---

[1] The debtors in these chapter 15 cases and the identifying four digits of the tax identification number of each are: Oi S.A. (5.764), Telemar Norte Leste S.A. (0.118), Oi Brasil Holdings Coöperatief U.A. (8518), and Oi Móvel S.A. (3.963).

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.

2016 (the "**Hearing**"), including stipulations reached with counsel for certain entities managed by Aurelius and counsel for AT&T; and notice of the filing of the Motion and the Hearing having been given in accordance with the Court's Order dated June 21, 2016, which granted a motion to shorten time regarding Petitioner's Motion; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES**, based on the declarations and exhibits on file, but solely for purposes of this Order and without these findings being binding with respect to the Verified Petition or with respect to any other motion, order or proceeding, that:

A.    The Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

B.    This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

C.    Venue in this district appears to be proper pursuant to sections 1409(a) and 1410 of title 28 of the United States Code.

D.    The Brazilian RJ Proceeding is pending in Rio de Janeiro, Brazil and the Petitioner has been authorized by the Debtors' boards of directors to act as foreign representative (as such term is defined in section 101(24) of the Bankruptcy Code) in these chapter 15 cases.

E.    On June 21, 2016, the Petitioner duly commenced these chapter 15 cases under chapter 15 of the Bankruptcy Code on behalf of the Debtors.

2

F.     The Petitioner is not required to commence an adversary proceeding to seek the relief requested in the Motion.

G.     Based on the pleadings filed to date, the Court concludes that the Petitioner has demonstrated a likelihood that Petitioner will be able to demonstrate that the Brazilian RJ Proceeding is a foreign main proceeding (in the cases of Oi S.A., Telemar Norte Leste S.A. and Oi Móvel S.A.) and either a foreign main proceeding or foreign nonmain proceeding in the case of Oi Brasil Holdings Coöperatief U.A., that Petitioner is the duly appointed foreign representative of the Debtors, and that Petitioner will obtain recognition of the Brazilian RJ Proceeding pursuant to section 1517 of the Bankruptcy Code.

H.     In the absence of the relief granted in this Order there is a material risk that the Debtors will suffer irreparable harm for which the Petitioner and the Debtors will have no adequate remedy at law, in that creditors could make efforts to attach, control, possess or execute upon assets of the Debtors located in the United States, to terminate or interfere with the performance of contracts in the United States, or otherwise to interfere with the business of the Debtors and to undermine the Debtors' efforts to achieve an equitable result for the benefit of all creditors in the Brazilian RJ Proceeding.

I.     The relief granted herein will temporarily restrain certain actions in order to permit the expeditious and economical administration of the Brazilian RJ Proceeding and to protect the respective rights of the Debtors and their creditors in that proceeding, and any hardship to other parties is outweighed by the benefits and need for the relief granted herein.

J.     The relief granted herein is consistent with the purposes of sections 1519, 1520 and 1521 of the Bankruptcy Code and the interests of the public will be served thereby.

K.     No security is required for the relief granted herein, under Rule 7065 of the Federal Rules of Bankruptcy Procedure or otherwise.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Section 362 of the Bankruptcy Code shall apply to the Debtors and their property within the territorial jurisdiction of the United States and not to actions or property outside of the United States.  For the avoidance of doubt, this paragraph 1 shall operate as an injunction against any action to terminate or interfere with the Debtors' U.S. Contracts.

2.     As set forth on the record of the Hearing, (i) the term "U.S. Contracts," as defined in the Motion, shall apply only to operating contracts of the Debtors and not to any bond indentures, (ii) this Order is without prejudice to any arguments for or against recognition of the Debtors' chapter 15 cases and any relief requested concurrently therewith, and (iii) all rights of parties in interest to seek relief from this Order under section 362(d) of the Bankruptcy Code are reserved.

3.     This Order without prejudice to the right of the Petitioner to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right of the Debtors to seek any remedy or to pursue any further relief.

4.     Notwithstanding any provision in the Bankruptcy Rules to the contrary:  (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

5. This order shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Petition and an order is entered in these chapter 15 cases giving effect to such determination, or as otherwise ordered by the Court.

6. Any party in interest may make a motion seeking relief from or modifying this Order by motion or application to this Court, which may be heard on shortened notice if the circumstances so warrant.

7. No security shall be required pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

8. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

9. Copies of this Order shall be served on the same parties who have been designated by separate Court Order to receive notice of the hearing to consider the Verified Petition (the "**Recognition Hearing**"). Such service shall be combined with, and sent at the same times as, the email, mail and/or facsimile services of notice of the Recognition Hearing.

Dated:  June 22, 2016
　　　　 New York, New York

　　　　　　　　　　　　　　　　　　　　　　　s/Michael E. Wiles
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE