**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> OI S.A., et al..[1] <br><br> Debtors in a Foreign Proceeding. | Case No. 16-11791 (SHL) <br> *(Jointly Administered)* <br><br> Chapter 15 |

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF

Upon the *Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* (the "Motion[2]") [ECF No. 3] dated June 21, 2016, Mr. Ojas N. Shah (the "Petitioner" or the "Foreign Representative"), in his capacity as authorized foreign representative of Oi S.A. ("**Oi**"), Telemar Norte Leste S.A. ("**Telemar**"), Oi Brasil Holdings Coöperatief U.A. ("**Coop**"), and Oi Móvel S.A. ("**Móvel**"), (together, the "**Debtors**") in the above-captioned chapter 15 cases (the "**Chapter 15 Cases**"), requesting that this Court enter an order (the "**Order**") (a) granting the Petition and, to the extent set forth herein, recognizing the jointly administered judicial reorganization (the "**Brazilian RJ Proceeding**") pending before the *7ª Vara Empresarial do Rio de Janeiro* (Seventh Business Court of Rio de Janeiro) (the "**Brazilian RJ Court**") pursuant to Federal Law No. 11.101 of February 9, 2005 (the "**Brazilian Bankruptcy Law**") of the laws of the Federative Republic of Brazil ("**Brazil**") as a foreign main proceeding with respect to each of the Debtors pursuant to section 1517 of title 11 of the United States Code (the "**Bankruptcy Code**"), (b) recognizing the Petitioner as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, of each of the Debtors with respect to the Brazilian RJ

---

[1] The debtors in these chapter 15 cases and the four identifying digits of the tax number of each are: Oi S.A. (5.764), Telemar Norte Leste S.A. (0.118), Oi Brasil Holdings Coöperatief U.A. (8518), and Oi Móvel S.A. (3.963).
[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

Proceeding, and (c) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, <u>In re Standing Order of Reference Re:  Title 11</u>, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "**Amended Standing Order**"); and this Court having reviewed the Motion, the Petition, the *Declaration of Ojas N. Shah in Support of Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief* (the "**Petitioner Declaration**") [ECF No. 4], the *Corrected Declaration of José Alexandre Correa Meyer as Brazilian Counsel to the Debtor* (the "**Brazilian Counsel Declaration**") [ECF No. 16], the *Declaration of Ojas N. Shah Notifying the Court of a Change in Status pursuant to 11 U.S.C. § 1518 and 28 U.S.C. § 1746* (the "**Status Update**") [ECF No. 32], and the statements of counsel with respect to the Motion at a hearing before this Court on July 21, 2016 (the "**Hearing**"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined ***for the reasons stated at the Hearing*** that the legal and factual bases set forth in the Motion, the Petitions, the Petitioner Declaration, the Brazilian Counsel Declaration, the Status Update, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after notice and a hearing and due deliberation therefor;

## THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law

2

constitute findings of fact, they are adopted as such.

      B.      This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

      C.      The Petitioner is the duly appointed "foreign representative" of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

      D.      These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

      E.      The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

      F.      The Brazilian RJ Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

      G.      The Brazilian RJ Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

      H.      The COMI of each of the Debtors is in Rio de Janeiro, Brazil. Accordingly, the Brazilian RJ Proceeding is a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, with respect to each of the Debtors, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

      I.      The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Petitioner, the

Debtors, their estates and all of their creditors.

J. The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtors, their creditors and other parties in interest.

K. Appropriate notice of the filing of and the hearing on the Petition and the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

L. The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 1515, 1517, and 1520 of the Bankruptcy Code.

For all of the foregoing reasons, and for the reasons stated by the Court at the hearing on the Motion and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Petition and the Motion are granted.

2. The Petitioner is the duly appointed foreign representative of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtors in these Chapter 15 Cases.

3. The Brazilian RJ Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code with respect to each of the Debtors.

4. All relief and protection afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Brazilian RJ Proceeding, the Debtors, the Debtors' assets located in the United States, as applicable, including the application of section

4

362 of the Bankruptcy Code to actions in the United States against the Debtors or their property within the territorial jurisdiction of the United States, but not to any actions outside of the United States. For the avoidance of doubt, this paragraph 4 will operate as an injunction against any action to terminate or interfere with the Debtors' U.S. Contracts, as that term is defined in the *Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 1521(a)(7), and 362* (the "**Provisional Relief Motion**") [ECF No. 7].

5.  As set forth on the record in the hearing for the Provisional Relief Motion, the term "U.S. Contracts" shall apply only to operating contracts of the Debtors and not to any bond indentures.

6.  This Order is without prejudice to any arguments for or against any further relief in these Chapter 15 Cases, and all rights of parties in interest to seek relief from this Order, including under section 362(d) of the Bankruptcy Code, are reserved.

7.  Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8.  A copy of this Order, confirmed to be true and correct, shall be served by the Petitioner, within seven business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, on the Notice Parties, and such service shall be good and sufficient service and adequate notice for all purposes.

5

9. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated: July 22, 2016
New York, New York

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE